# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) No. _____ |
| v. | ) ) |
| NATANAEL DAMACENO-GOMES, | ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff the United States of America, by and through the United States Attorney for the Southern District of Georgia, asks this Court to issue an Order permitting the Department of Homeland Security ("DHS"), through its component agencies, Immigration and Customs Enforcement ("ICE") and the Public Health Service, Division of Immigration Health Services Corps to perform medical monitoring and routine medical examinations to Defendant Natanael Damaceno-Gomes. If necessary to preserve his life, ICE also seeks an order permitting it to administer hydration and nutrition to Defendant Natanael Damaceno-Gomes

### PARTIES

1. Plaintiff is the United States of America.

2. Defendant is Natanael Damaceno-Gomes, a native and citizen of Brazil, who presently is detained at the Folkston ICE Processing Center in Folkston, Georgia, within this judicial district.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345

(United States of America as Plaintiff); 8 U.S.C. § 1329 (suits by the United States under the Immigration and Nationality Act); and 28 U.S.C. § 1651 (the All Writs Act). This Court may issue temporary restraining orders and injunctions pursuant to Fed. R. Civ. P. 65(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, in and near the Folkston ICE Processing Center located at 3026 Highway 252 in Folkston, Georgia.

## FACTS

5. Defendant Natanael Damaceno-Gomes is a 26-year-old citizen and national of Brazil. Exhibit A, Declaration of Adam Orlandella (Orlandella Decl.), at ¶ 4. Mr. Damaceno-Gomes was processed for expedited removal and ordered removed from the United States. The Immigration Court at the Stewart Detention Center affirmed this decision on November 10, 2021, and returned the case to the Department of Homeland Security for removal. The order is final, and Mr. Damaceno-Gomes does not have a right to appeal his removal order.

6. On June 10, 2022, Mr. Damaceno-Gomes missed his ninth consecutive meal and was formally assigned hunger strike status. Orlandella Decl., at ¶ 5.

7. Mr. Damaceno-Gomes informed staff at the Stewart Detention Center that he was on hunger strike because he does not wish to be deported to Brazil. Orlandella Decl., at ¶ 5.

8. As of July 11, 2022, Mr. Damaceno-Gomes has been classified as on hunger strike for 34 days. Although Mr. Damaceno-Gomes has consumed liquids on occasion during his hunger strike, he has had extended periods of time where he has refused

fluids and food. Mr. Damaceno-Gomes did consume one meal on July 8, 2022, but has failed to cooperate by eating any further, and expressed his commitment to continue the hunger strike. He has missed a total of 103 meals as of July 11, 2022. Exhibit B, Declaration of Dr. Eugene Charbonneau (Charbonneau Decl.), at ¶ 7.

9. It has been explained to Mr. Damaceno-Gomes, through a Portuguese interpreter, that if he continues to refuse to drink or eat, his health will be seriously jeopardized, and that he will eventually die. Orlandella Decl., at ¶ 6.

10. It has also been explained to Mr. Damaceno-Gomes, through a Portuguese interpreter, that if he continues his hunger strike, it may become necessary to seek an order from the Court to administer involuntary hydration and/or nutrition in order to save his life. Orlandella Decl., at ¶ 7.

11. Mr. Damaceno-Gomes weighs significantly less than his baseline weight, which puts his health and wellbeing in jeopardy. *See* Charbonneau Decl., at ¶¶ 8, 17.

12. Mr. Damaceno-Gomes last allowed the medical staff at Folkston ICE Processing Center to monitor his vital signs on July 1, 2022. Since then, he has refused medical monitoring, including vital signs and drawing of bodily fluids to assess his condition. Charbonneau Decl. ¶ 9.

13. Mr. Damaceno-Gomes' current clinical condition and medical status are unknown due to his refusal to consent to physical examination, and collection of blood and urine for laboratory analysis.

14. Based on Mr. Damaceno-Gomes' current physical condition and the inability to monitor his medical status and condition, as well as the fact that Mr. Damaceno-Gomes has not had adequate nutritional intake for 34 days, Dr.

3

Charbonneau's informed medical opinion to a reasonable degree of medical certainty is that involuntary medical and laboratory monitoring are necessary. Based upon the results of such monitoring, involuntary hydration through an IV and involuntary nutrition through a nasogastric tube may be necessary as well. Charbonneau Decl., at ¶ 24.

15. If Mr. Damaceno-Gomes refuses to cooperate with an order allowing these measures, it may further be necessary to allow staff to use medical soft restraints to prevent injury to both Mr. Damaceno-Gomes and medical staff. Charbonneau Decl., at ¶ 26.

## CAUSE OF ACTION

16. The Secretary of the U.S. Department of Homeland Security, through ICE, is authorized to provide medical treatment to aliens who require treatment during removal proceedings. 8 U.S.C. § 1231(f); 8 C.F.R. § 241.2(a)(2).

17. There are legitimate government interests in preserving the life of an immigration detainee, and maintaining security and orderly operations in immigration detention facilities.

18. There is a valid and rational connection between these government interests and the above-described involuntary medical examinations, restraints, and administration of hydration and nutrition to Mr. Damaceno-Gomes. *See In re Nabil Ahmed Soliman*, 134 F. Supp. 2d. 1238, 1253 (N.D. Ala. 2001).

19. To the extent that Mr. Damaceno-Gomes is exercising his constitutional rights, he has alternative means to exercise those rights.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court issue an order:

1. Permitting the Secretary of DHS, through component agency ICE and medical staff, to:

    a. perform medical monitoring, inclusive of conducting involuntary blood draws and weight checks and insertion of urinary catheters, and to perform routine medical examinations on Mr. Damaceno-Gomes;

    b. administer involuntary hydration to Mr. Damaceno-Gomes;

    c. administer involuntary nutrition to Mr. Damaceno-Gomes;

    d. restrain Mr. Damaceno-Gomes if he resists efforts to draw blood, be weighed, have urinary catheters inserted, or have hydration or nutrition administered; and

    e. if the results of the medical monitoring indicate, in the opinion of a qualified physician, that Mr. Damaceno-Gomes' health has deteriorated to the point that his medical condition requires immediate intervention to prevent his permanent injury or death, to involuntarily administer fluids via placement of an IV and to involuntarily administer nutrition via placement of a nasogastric tube;

2. Setting this matter for hearing so that Mr. Damaceno-Gomes' rights to refuse medical monitoring, hydration, and nutrition can be determined; and

3. For such other relief as the Court deems appropriate.

Respectfully submitted this 12th day of July, 2022.

        DAVID H. ESTES
        UNITED STATES ATTORNEY

        */s/ Ryan C. Grover*
        Assistant United States Attorney
        South Carolina Bar No. 101218
        U.S. Attorney's Office
        Post Office Box 8970
        Savannah, Georgia 31412
        Telephone: (912) 652-4422
        E-mail: Ryan.Grover@usdoj.gov

        */s/ O. Woelke Leithart*
        Idaho Bar No. 9257
        Assistant United States Attorney
        U.S. Attorney's Office
        Post Office Box 8970
        Savannah, Georgia  31412
        Telephone:  (912) 652-4422
        E-mail: Woelke.Leithart@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court. Additionally, a copy of the foregoing was hand-delivered on July 12, 2022 to the following recipient who is not registered in the CM/ECF System:

Natanael Damaceno-Gomes, A# 220-332-034
c/o Folkston Processing Center
3026 Hwy 252 East
P.O. Box 248
Folkston, GA 31537

Defendant

This 12th day of July, 2022.

>*/s/ Ryan C. Grover*
>Assistant United States Attorney