**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATANAEL DAMACENO-GOMES,<br><br>Defendant. | CIVIL ACTION NO.: 5:22-cv-40 |

**O R D E R**

This matter is before the Court on Plaintiff's "Motion for Preliminary Injunction or in the Alternative a Temporary Restraining Order." (Doc. 5.) Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions and restraining orders. Pursuant to Rule 65(a), the Court may issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). At present, there is no indication that Defendant has been given notice of the request for injunctive relief (or even of the filing of the Complaint).[1] While the Court acknowledges that Plaintiff has also requested—"in the alternative"—that the Court issue an emergency temporary restraining order,[2] it does not appear that Plaintiff has made the showing required by Rule 65(b) for such emergency relief. Pursuant to Rule 65(b), the Court may issue a temporary restraining

[1] To be fair, the Complaint initiating this case and the at-issue Motion were filed only hours prior to the issuance of this Order. However, given the Motion's ("alternative") request for an emergency temporary restraining order, the Court immediately reviewed the filings in order to determine whether any of the requested injunctive relief should be granted.

[2] Although, according to its title and opening paragraph, Plaintiff's Motion seeks an emergency temporary restraining order only "in the alternative" to the issuance of a preliminary injunction, the Conclusion section of the Motion makes no request for a preliminary injunction and exclusively requests the issuance of an emergency temporary restraining order.

order without written or oral notice to the adverse party or its attorney *only* if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Additionally, the Court observes that Plaintiff has not made any sort of request pursuant to Local Rule 7.7 for the Court to waive any applicable time requirements and grant an immediate hearing on the Motion.

Accordingly, the Court **DIRECTS** Plaintiff to clarify, in a written notice filed with the Court, whether it seeks the issuance of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b).[3] If Plaintiff is indeed seeking such relief, it **SHALL** also state in the notice whether and how the requirements of Rule 65(b)(1) have been satisfied (and if they have not been satisfied, whether they will expeditiously be satisfied). Additionally, if Plaintiff is seeking a temporary restraining order, it **SHALL** include, as an exhibit to the notice, a proposed temporary restraining order for the Court's consideration.[4] Such notice of clarification (and any exhibit thereto) shall be filed by **CLOSE OF BUSINESS** on the date this Order is entered.

**SO ORDERED**, this 12th day of July, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

[3] For the same reasons that the Court permitted the Motion to be filed under seal, the Court **DIRECTS** the Clerk of Court to permit Plaintiff's forthcoming notice of clarification to be filed under seal.

[4] Any proposed temporary restraining order must satisfy Federal Rule of Civil Procedure 65(b)(2). A copy of any proposed temporary restraining order must also be provided, via email, in Word format, to the undersigned's courtroom deputy clerk.